# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| **Vasilii Vistrovschi,** | ) | Case No. 22-07942 |
| | ) | |
| Debtor. | ) | Honorable Janet S. Baer |

## NOTICE OF FILING

*The following persons or entities who have been served electronically:*
Patrick S. Layng:  USTPRegion11.ES.ECF@usdoj.gov
M. Gretchen Silver: gretchen.silver @usdoj.gov
Roman Sukley: roman.l.sukley@usdoj.gov
Frank J. Kokoszka: trustee@k-jlaw.com, fkokoszka@ecf.axosfs.com

*The following persons or entities who have been served via first-class U.S. mail:*
Vasilii Vistrovschi, 2803 Henley Lane, Naperville, IL  60540
PRA Receivables Management, LLC, P.O. Box 41021, Norfolk, VA 23541
V.W. Credit, Inc., 14841 Dallas Parkway, Suite 425, Dallas, TX  75254

**Please take notice that I have filed the attached "Response to Trustee's Motion to Compel Debtor to Turnover Property of the Estate and Books & Records to the Trustee" on May 30, 2023.**

## CERTIFICATE OF SERVICE

I, John Ellmann, Attorney for the Debtor(s), certify that I served a copy of this notice and the attached motion on each entity shown above at the address shown and by the method indicated on the list on May 30, 2023, at or before 5:00 pm.

                /s/  John J. Ellmann

Attorney for the Debtor(s)
DAVID M. SIEGEL & ASSOCIATES
790 Chaddick Drive
Wheeling, IL  60090
(847) 520-8100
davidsiegelbk@gmail.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| **Vasilii Vistrovschi,** | ) | Case No. 22-07942 |
| | ) | |
| Debtor. | ) | Honorable Janet S. Baer |

### RESPONSE TO TRUSTEE'S MOTION TO COMPEL DEBTOR TO TURNOVER PROPERTY OF THE ESTATE AND BOOKS & RECORDS TO THE TRUSTEE

NOW COMES the Debtor, **Vasilii Vistrovschi**, by and through his attorneys, David M. Siegel & Associates, LLC, to respond to the Trustee's Motion to Compel Debtor to Turnover Property of the Estate and Book & Records to the Trustee, and in support thereof states as follows:

### Factual and Procedural Background

1)   Jurisdiction is proper and venue is fixed in this Court with respect to these parties.

2)   Debtor filed a petition for relief under Chapter 7 of Title 11 USC on July 16, 2022. Frank J. Kokoszka was appointed chapter 7 Trustee in this case.

3)   Frank J. Kokoszka has requested and subpoenaed various documents and information from Vasilii Vistrovschi and Mr. Vistrovschi has responded to the best of his ability.

### Applicable Law and Arguments

4)   11 U.S.C. §541 defines **Property of the estate**:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

> (1) Except as provided in subsections (b) and (c) of this section, all legal or equitable *interests of the debtor in property as of the commencement of the case*. (emphasis added).
>
> 11 U.S.C. §541(a)(1).

5) 11 U.S.C. §541 continues with descriptions of other property interests which are property of the estate and these other definitions do not apply here.

**The Debtor should not be required to turn over funds from his Ameritrade account to the chapter 7 Trustee.**

6) The Debtor acquired $13,000.00 from his wife's bank account after this case was filed. This was early in their marital separation. The money was to be used for personal and family expenses. He transferred it to his Ameritrade account.

7) The money was not the Debtor's property at the time of the filing of the case. Therefore it was not property of the Bankruptcy estate and should not be subject to turnover to the chapter 7 Trustee.

**The Debtor should not be required to turn over funds from Vas and Sons Corp. to the chapter 7 Trustee.**

8) The Debtor incorporated Vas and Sons Corp. after this case was filed and subsequently deposited $5,335.00 into the business checking account. The funds were payment for a Vas and Sons Corp. trucking job.

9) The work was undertaken after the filing of the case and the payment was made after the filing of the case. Therefore it was not property of the Bankruptcy estate and should not be subject to turnover to the chapter 7 Trustee.

**The Debtor should not be required to turn over books and records pertaining to the transfers to Anna Holubovska.**

10) The Debtor made transfers to Anna Holubovska almost two years before this case was filed. He does not have records or documentation of the transfer. His records have been unavailable since he was locked out of his online accounts as his business failed.

11) He is also unable to get records from Anna Holubovska. They are married but their marital separation devolved into an acrimonious divorce case. He is subject to an order of protection and cannot communicate with Anna Holubovska.

12) The requested records are not available to the Debtor and therefore he cannot turn them over to the chapter 7 Trustee.

WHEREFORE, the Debtor, **Vasilii Vistrovschi,** prays that the Court deny Trustee's Motion for Turnover and for any other relief that this Honorable Court deems fair and proper.

Respectfully Submitted,

/s/  John J. Ellmann

John J. Ellmann , Attorney for the Debtor(s)

DAVID M. SIEGEL & ASSOCIATES, LLC
790 Chaddick Drive, Wheeling, IL  60090
847/ 520-8100
davidsiegelbk@gmail.com